# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

Spirit Lake Tribe, on its own behalf and )
on behalf of its members, )
Dion Jackson, Kara Longie, Kim Twinn, )
Terry Yellow Fat, Leslie Peltier, and )
Clark Peltier, )
            )
            Plaintiffs, )
            )
        vs. )
            )
Alvin Jaeger, in his official capacity as )
Secretary of State, )
            )
            Defendant. )

**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Case No. 1:18-cv-222

---

Before the Court is the Plaintiffs' motion for temporary restraining order filed on October 31, 2018. See Doc. No. 8. The Plaintiffs seek a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Specifically, the Plaintiffs request an order enjoining enforcement of N.D.C.C. §§ 16.1-01-04.1(2)(b) and 16.1-01-04.1(3)(b) which require a voter to produce valid identification bearing a "current residential street address" before voting. Because the election scheduled for November 6, 2018, is imminent, the motion is denied.

This action was commenced on October 30, 2018. See Doc. No. 1. The undersigned is currently involved in a two-week criminal trial in Bismarck and is the only federal judge available to address the motion. The statute which the Plaintiffs seek to enjoin became effective on August 1, 2017. In an earlier challenge to the statute, this Court enjoined enforcement of the current residential street address requirement. See Brakebill v. Jaeger, No. 1:16-cv-008, 2018 WL 1612190 (D.N.D. Apr. 3, 2018). However, that injunction was appealed, and on September 24, 2018, the Eighth Circuit Court of Appeals stayed its enforcement pending the outcome of the appeal. See Brakebill v. Jaeger, 905 F.3d 553 (8th Cir. 2018). On October 9, 2018, the Supreme Court denied

an application to vacate the Eighth Circuit's stay.  See Brakebill v. Jaeger, No. 18A335, 2018 WL

4901222, at *1 (U.S. Oct. 9, 2018).

The federal courts are unanimous in their judgment that it is highly important to preserve the

status quo when elections are fast approaching.  See Purcell v. Gonzalez, 549 U.S. 1, 4-5 (2006);

Williams v. Rhodes, 393 U.S. 23, 34-35 (1968); Veasey v. Perry, 769 F.3d 890, 892-95 (5th Cir.

2014). "Court orders affecting elections, especially conflicting orders, can themselves result in voter

confusion and consequent incentive to remain away from the polls.  As an election draws closer, that

risk will increase." Purcell, 549 U.S. at 4–5.

In this case, early voting has already begun.  Election day is less than one week away.  The

allegations in the complaint, the motion for a temporary restraining order, and the attached affidavits

give this Court great cause for concern.  The allegations will require a detailed response from the

Secretary of State as this case proceeds.  The litany of problems identified in this new lawsuit were

clearly predictable and certain to occur as the Court noted in its previous orders in *Brakebill v.

Jaeger*.  However, a further injunction on the eve of the election will create as much confusion as

it will alleviate, and is foreclosed by precedent which is hesitant to permit "eleventh-hour changes

to election laws." See Veasey, 769 F.3d at 895.

The Court has carefully reviewed the entire record and finds the issuance of an emergency

temporary restraining order unwarranted given the importance of avoiding further confusion and

chaos on the eve of an election.  Accordingly, the motion for a temporary restraining order (Doc.

No. 8) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 1st day of November, 2018.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court