# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Spirit Lake Tribe, on its own behalf and on behalf of its members, Standing Rock Sioux Tribe, on its own behalf and on behalf of its members, Dion Jackson, Kara Longie, Kim Twinn, Terry Yellow Fat, Leslie Peltier, and Clark Peltier, <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>Alvin Jaeger, in his official capacity as the Secretary of State, <br><br>　　　　　Defendant. | **PROTECTIVE ORDER** <br><br> Case No. 1:18-cv-222 |

On January 24, 2020, defendant filed an Assented Motion for Protective Order, a supporting memorandum, and a Stipulation for Protective Order.

The court **GRANTS** the motion (Doc. No. 72), **ADOPTS** the stipulation (Doc. No. 73-1, and

**ORDERS**:

(1) Any and all documents and records, including but not limited to the following: voter records and any proprietary information, or other sensitive, private or confidential information and records, and the like, may be produced by the parties in this action to the extent permitted by law pursuant to discovery requests or otherwise, and may be designated by any party as Confidential pursuant to Paragraph (2), in which case those documents and records shall be deemed Confidential under this Protective Order and subject to its requirements and protections. If any party believes that applicable law prevents disclosure of voter information or records, the party may seek a Court order on the discoverability of the information or records. If the Court orders disclosure, the Court may order the disclosure to be pursuant to the terms of this Protective Order.

(2) <u>Basis For Designation Of Material As Confidential</u>.

A Party may designate documents, records, and materials (collectively "documents") as "Confidential" based upon a good faith belief that the documents:

1

(a) constitute private, sensitive, protected, exempt or confidential information as set forth by state, federal, local or other law, rule, ordinance, policy, or regulation;

(b) are subject to confidential settlement agreements and/or negotiations, or are treated as proprietary or as a trade secret;

(c) fall under any of the categories of confidential and private records as set forth above at Paragraph 1; and/or

(d) are otherwise sensitive, confidential or private and not ordinarily disseminated to or shared with any third party. The Parties will act in good faith in designating any material as "Confidential".

(3) Procedures For Designating Confidential Material.

Documents. Written notice of confidentiality to the receiving Party or marking a document as "Confidential" shall suffice to designate documents produced by a Party as Confidential.

Interrogatory Answers, Responses To Document Requests, And Responses To Requests For Admissions. Specific Interrogatory answers, responses to document requests and responses to requests for admissions may be designated by the responding Party as Confidential by identifying the specific answer or response with "Confidential" or by written notice of confidentiality to the receiving Party.

Deposition Testimony. A Party may designate portions of deposition testimony as Confidential by noting same on the record during the deposition or by giving written notice to the other Party after receipt of the deposition transcript.

Copies of Confidential. All copies of any document which is designated as "Confidential" shall be treated as confidential and subject to the terms of this Agreement.

(4) Confidential documents, and copies thereof, and any information contained therein or derived therefrom, shall be made available only to the following persons when needed by them in the conduct of this action:

(a) The parties to this action and/or their insurers and, in the case of sovereign parties, only to their officials to the extent they are assisting counsel in the conduct of this litigation.

(b) Attorneys of record in this action and their partners or associate attorneys.

(c) Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firm.

(d) Any independent expert, consultant, or similar person who has been consulted for the purpose of being retained, or who has been retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants, or similar persons when working in connection with this action under the direct supervision of said persons.

(e) Any witness whose testimony or assistance is required for a claim or defense.

(f) The Court and its staff.

(5) Confidential documents shall be securely maintained and kept confidential, not disseminated to third persons, and will be used solely in connection with the preparation and trial of this lawsuit, and for no other purpose.

(6) Counsel for the parties agree that before showing or divulging the contents of any Confidential document to anyone entitled to see or hear it under paragraph (4)(d) & (e) above, to first obtain a signed statement from that person, in the form of **Exhibit A**, indicating that the person is familiar with the terms of the Protective Order and promises to abide by its contents. A copy of the Protective Order shall be provided and/or discussed with all persons to whom confidential materials and information is disclosed, and those persons shall be subject to its terms by the act of signing **Exhibit A**. These persons agree to jurisdiction in North Dakota over their person for the purposes of any action seeking to enforce the terms and conditions of the Protective Order or any action for contempt or claimed violation of its terms. For purposes of monitoring compliance with and enforcing the Protective Order, counsel for the parties shall maintain copies of all the signed statements from the persons to whom confidential documents or information are disclosed.

(7) No copies of any such Confidential documents shall be made or furnished, and no information contained therein shall be disclosed, to any person, firm, or corporation except those identified in this Protective Order, without prior written consent of the parties.

(8) In the event that any such Confidential documents are included with, or the contents thereof are in any way disclosed by, any pleading, motion, deposition transcript, or other paper filed with the Court, such materials shall be impounded and kept confidential and under seal until further order of the Court.

(9) The information and materials covered by this Order may be used at trial, subject to

this Order and subject to any further protective order which this Court might for good cause then enter.

(10) All documents designated as Confidential under this Order and all copies thereof, except for one copy to be maintained as confidential by each party's counsel, shall be destroyed at the conclusion of this litigation, and no other copies thereof shall be retained, for any reason whatsoever, by any person, firm or corporation, including attorneys, without the written consent of the parties.

(11) If a party to this action wishes to modify the Protective Order or its application to certain documents or information, that party shall first request such modification from the other party herein, and, if no satisfactory agreement is reached, that party may petition the Court for modification. Until modification is granted by agreement or order, the terms of the Protective Order will govern.

(12) A party may object to or challenge the designation of a document as Confidential by giving written notice to all parties (including written notice to any nonparty that have made the challenged designation). In challenging the designation of any document as Confidential, the challenging party must identify in the written notice the document or documents challenged and must provide the legal basis for said challenge. Following such notice, the parties must first meet and confer in good faith in order to attempt informal resolution of their differences over the challenged designation. If they cannot agree on an informal resolution to the challenged designation, they may present the issue to the Court. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by this Protective Order. Documents designated as Confidential which are subject to challenge shall maintain their designation and protected status under the terms of this Protective Order until such time as the Court rules on the challenge. The party seeking to maintain the confidentiality of challenged documents shall have the burden of filing a motion with the Court, within ten days of having met and conferred, seeking to preserve the confidentiality designation. If no such motion is timely filed, the documents at issue will cease being deemed Confidential.

(13) A party may elect to rescind or alter the designation of any document as Confidential by providing written notice to all parties of record of such election.

Dated this 27th day of January, 2020.

                                                  */s/ Clare R. Hochhalter*
                                                  Clare R. Hochhalter, Magistrate Judge
                                                  United States District Court