UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Richard Brakebill, Dorothy Herman,
Della Merrick, Elvis Norquay, Ray Norquay
and Lucille Vivier, on behalf of themselves,

                      Plaintiffs,
      vs.

Alvin Jaeger, in his official capacity as the
Secretary of State,

                      Defendant.

Spirit Lake Tribe, on its own behalf and
on behalf of its members, et al.,

                      Plaintiffs,

      vs.

Alvin Jaeger, in his official capacity as the
Secretary of State,

                      Defendant.

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S ASSENTED TO MOTION
TO CONSOLIDATE CASES**

**Case No. 1:16-cv-008
Case No. 1:18-cv-00222**

**INTRODUCTION**

Defendant Alvin Jaeger, in his official capacity as the North Dakota Secretary of State (hereinafter "Secretary") submits this memorandum in support of Defendant's Assented to Motion to Consolidate Cases, filed herewith.  The Secretary requests the Court issue an order consolidating the two cases captioned above: Richard Brakebill, et. al. v. Alvin Jaeger (Case No. 1:16-cv-00008) (hereinafter "Brakebill Case") and Spirit Lake Tribe, et. al. v. Alvin Jaeger (Case No. 1:18-cv-00222) (hereinafter "Spirit Lake Case"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

In the Spirit Lake Case, the Court has recently granted two extensions of case deadlines in order to give Plaintiffs' counsel time to obtain signatures from all named plaintiffs on a Global Settlement Agreement.  Doc. 1:18-cv-00222 86; Doc. 1:18-cv-00222 89.  The Global Settlement Agreement is now fully executed, with all parties to both the Brakebill Case and the Spirit Lake Case having signed the document.  The executed Global Settlement Agreement contains a proposed consent decree, which the parties have agreed to file in the single case after consolidation.

Counsel for all of the plaintiffs in both the Brakebill Case and the Spirit Lake Case have reviewed the motion and this supporting memorandum and assent to their filing.

## BACKGROUND

The Brakebill Case, which was commenced against the Secretary in January of 2016, involves six individual Native American plaintiffs who allege that North Dakota's voter ID law, N.D. Cent. Code § 16.1-01-04.1 as amended, violates Section 2 of the Voting Rights Act (42 U.S.C. §1973), the 14th and 15th Amendments to the United States Constitution, and Article I and Article II of the North Dakota Constitution.  Doc. 1:16-cv-00008 77.  The Spirit Lake Case, which was commenced against the Secretary of State in October of 2018, involves two federally recognized tribes and six individual Native Americans as plaintiffs, who allege that the North Dakota Legislative Assembly's enactment of N.D. Cent. Code § 16.1-01-04.1 and the Secretary's implementation of the statute violated the voting rights guaranteed by Section 2 of the Voting Rights Act (42 U.S.C. §1973), and the 1st, 14th and 15th Amendments to the United States Constitution. Doc. 1:18-cv-00222 51.

Plaintiffs in the Brakebill Case and the Spirit Lake Case generally allege that it is more burdensome for Native American voters, in comparison to non-Native American voters, to obtain a valid form of identification and supplemental documentation under

North Dakota's voter ID law due to alleged higher rates of poverty, further average distance from Department of Transportation licensing sites, unreliable or unknown residential street addresses on reservations, higher levels of transience, and similar alleged factors.  See Doc. 1:16-cv-00008 77; Doc. 1:18-cv-00222 51.  The Plaintiffs in both cases allege that the voter ID and residential address requirements as enacted have the purpose and effect of discriminating against Native American voters. The Plaintiff Tribes also allege they have incurred additional costs and administrative burdens relating to providing tribal IDs for voting purposes. *See id.* Plaintiffs in both the Brakebill and Spirit Lake cases dispute that the temporary emergency enactment of N.D.A.C. §§ 72-06-03-01 through 72-06-03-05 moots their claims, and assert that all Plaintiffs have standing.

The Secretary of State denies the plaintiffs' allegations in both the Brakebill Case and the Spirit Lake Case, asserts that no disenfranchisement, discrimination, or any other violation of a right has occurred with respect to North Dakota's voter ID law or the Secretary of State's implementation of the law, and asserted other defenses.  See Doc. 1:16-cv-00008 88; Doc. 1:18-cv-00222 54.

All of the parties have entered into a Global Settlement Agreement resolving the claims in both cases in a single settlement, and have agreed upon language for a proposed Consent Decree and Judgment to be submitted to the Court after the cases are consolidated.[1]  The parties have agreed that a single consent decree in one consolidated case, wherein the Court retains jurisdiction for enforcement purposes, is preferable to two separate consent decrees in two separate cases.

---

[1] There is an outstanding fee petition in the Brakebill litigation that will remain pending for the Court to resolve.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate separate actions, stating, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.  "Whether to allow consolidation is left to this court's discretion." Abelmann v. SmartLease USA, LLC, No. 4-14-CV-40, 2017 WL 4678198, at *4 (D.N.D. Oct. 17, 2017) (citation omitted).  "When determining whether to exercise such discretion, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" Am. Postal Workers Union v. U.S. Postal Serv., 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (quoting Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003)). Courts may consolidate cases to facilitate a settlement by the parties.  See e.g. Kelen v. World Fin. Network Nat. Bank, 302 F.R.D. 56, 63 (S.D.N.Y. 2014) (consolidating three cases for purposes of settlement pursuant to a stipulation of the parties when the cases involved the same defendant and the same legal issues arising out of the use of materially identical forms, finding "consolidation will allow a more expeditious settlement and the simultaneous and efficient resolution of all claims against Defendant.").

The Brakebill Case and the Spirit Lake Case involve common questions of law and fact, as they both challenge the same voter ID law, and the Spirit Lake Case challenges the Secretary's implementation of the same law.  See Doc. 1:16-cv-00008 77; Doc. 1:18-cv-00222 51.   The cases straightforwardly qualify for consolidation under Rule 42(a) as they involve at least one common question of law and fact.  Further, all of the parties have entered into a Global Settlement Agreement resolving the claims in both cases in a single settlement, and have agreed upon language for a proposed Consent Decree and Judgment to be submitted to the Court after the cases are consolidated.  The parties have agreed that a single consent decree in one consolidated case, wherein the Court retains jurisdiction for enforcement purposes, is preferable to two separate consent decrees in

4

two separate cases. There is no risk of confusion or prejudice in consolidation, and consolidation will facilitate the convenient and economic final settlement of both of these cases simultaneously.

## CONCLUSION

For the foregoing reasons, the Secretary requests the Court issue an order consolidating the Brakebill Case and the Spirit Lake Case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Dated this 23rd day of April, 2020.

State of North Dakota
Wayne Stenehjem
Attorney General

By:      /s/ David R. Phillips
David R. Phillips
Assistant Attorney General
State Bar ID No. 06116
Office of Attorney General
500 North 9th Street
Bismarck, ND  58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email drphillips@nd.gov


 /s/  Matthew A. Sagsveen
Matthew A. Sagsveen
Solicitor General
State Bar ID No. 05613
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300
Email masagsve@nd.gov

Attorneys for Defendant